IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUNG CHAN LEE, | ) |
|    Plaintiff, | ) Civil Action No. |
| v. | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |
| MEGAMART, INC., | ) |
|    Defendant. | ) |

**COMPLAINT FOR DAMAGES**

**COMES NOW,** Plaintiff Jung Chan Lee (hereinafter "Plaintiff"), by and through his undersigned counsel, and files this lawsuit against Defendant MegaMart, Inc. (hereinafter "Defendant"), respectfully showing the Court as follows:

**I. NATURE OF COMPLAINT**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant MegaMart, Inc. is a Georgia corporation, and the unlawful employment practices described herein occurred at 2100 Pleasant Hill Road, Duluth, Georgia, 30096.

5.

Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. PARTIES

6.

At all times relevant hereto, Plaintiff was a resident of the State of Georgia; Plaintiff currently maintains a domicile in the State of Georgia, but resides in the State of Colorado.

7.

Defendant MegaMart, Inc. is a chain of discount mega stores which started in Korea and sells a wide array of products for "every day needs."

8.

Plaintiff worked for the Defendant from approximately January 16, 2013 through July 23, 2014 (hereinafter collectively referred to as the "relevant time period").

9.

Defendant hired Plaintiff to be an information technology (hereinafter "IT") technician; Defendant later changed Plaintiff's title to that of "Houseware Manager" and gradually added a significant number of duties and responsibilities to Plaintiff's position without providing additional compensation to Plaintiff.

10.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

11.

Plaintiff performed non-exempt labor for the Defendant within the last three (3) years.

12.

Defendant employed the named Plaintiff during the relevant time period.

13.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

14.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

15.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

16.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV.  FACTS

17.

Plaintiff worked for the Defendant within the past three (3) years.

18.

Defendant misclassified Plaintiff as an exempt employee.

19.

When Defendant first hired Plaintiff, they instructed Plaintiff to sign a contract whereby Plaintiff agreed to work a minimum of six (6) days per week, for a monthly salary of $3,500.00.

20.

Defendant never provided Plaintiff with a copy of this contract, despite Plaintiff's request for the same.

21.

In his initial role as an IT tech, Plaintiff was responsible for updating and maintaining Defendant's inventory database and ensuring that the skew numbers for all of Defendant's products matched the correct prices in Defendant's system.

22.

After Defendant changed Plaintiff's title to Houseware Manager, Plaintiff was still responsible for updating and maintaining Defendant's inventory database, though Plaintiff began spending the majority of his time performing manual labor and other duties of non-exempt hourly employees.

23.

By way of example, Plaintiff was required to monitor Defendant's physical inventory, which regularly involved manually going through the products in each aisle, straightening and organizing the products, and noting in Defendant's system when Defendant's supplies of given products were getting low so the products could be reordered.

24.

Although Plaintiff purportedly "supervised" two (2) employees as the Houseware Manager, these two (2) hourly employees were the ones to tell Plaintiff when and how much product to order when Defendant's supplies were low, and also performed the same duties of physically monitoring Defendant's inventory alongside Plaintiff.

25.

Plaintiff did not have independent discretion or decision-making authority to determine what products to order, and instead only formulaically re-ordered the number and type of products predetermined by Defendant's upper management.

26.

Although Plaintiff held a management title while employed by Defendant, he did not exercise any management functions during the entirety of his

employment with Defendant; any management functions which Plaintiff may have performed consumed a de minimis fraction of his working hours and were undertaken at the explicit direction of Defendant, and under specific parameters given to Plaintiff by Defendant.

27.

Plaintiff was not responsible for hiring, firing, or reviewing Defendant's employees.

28.

Plaintiff did not have the authority to hire, fire, or review employees, nor was Plaintiff given the authority to exercise disciplinary measures for any of the employees within his department.

29.

Plaintiff did not exercise his independent discretion in any of the duties and tasks he performed while employed by Defendant.

30.

Plaintiff worked a minimum of fifty (50) hours per week during his employment with Defendant, though often Plaintiff was called after hours to perform additional work, and on several occasions, was required to work overnight without a break.

31.

During his employment, Plaintiff was paid on a salary basis, and was never provided compensation for the hours he worked over forty (40) per week.

32.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

33.

In fact, Plaintiff regularly worked in excess of ten (10) hours of overtime each week of his employment, and was not compensated for any of the overtime worked.

34.

When Plaintiff inquired about being required to work so many hours without appropriate compensation, Defendant told Plaintiff that if he wanted to keep his job, he would do what he was told.

35.

In so doing, Defendant would make threatening comments noting that Plaintiff just bought a house and that his wife just had a baby and that, as a result, Plaintiff "needs the job now more than ever."

36.

As a consequence of being forced to work so many hours each week without overtime compensation, Plaintiff eventually resigned employment with Defendant.

## CLAIMS FOR RELIEF

## V.  VIOLATION OF THE OVERTIME WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT

37.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

38.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

39.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

40.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

41.

Defendant knew, or showed reckless disregard for the fact that it failed to pay the Plaintiff overtime compensation in violation of the FLSA.

42.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

43.

Defendant's conduct was willful and in bad faith.

44.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated

damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 15th day of January, 2015.

**BARRETT & FARAHANY, LLP**

s/ Elizabeth L. Brown
Elizabeth L. Brown
Georgia Bar No. 940372
Benjamin F. Barrett
Georgia Bar No. 039586
Amanda A. Farahany
Georgia Bar No. 646135

*Attorneys for Jung Chan Lee*

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 (*facsimile*)
lily@bf-llp.com
ben@bf-llp.com
amanda@bf-llp.com